IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HILL-ROM SERVICES, INC., <br> HILL-ROM COMPANY, INC., and <br> HILL-ROM MANUFACTURING, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> STRYKER CORPORATION d/b/a <br> STRYKER MEDICAL, and <br> STRYKER SALES CORPORATION, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 1:11-cv-01120-JMS-DKL |

## HILL-ROM'S LOCAL RULE 16.2 STATEMENT OF POSITION

Pursuant to Rule 16.2 of the Local Rules of the United States District Court for the Southern District of Indiana, plaintiffs and counterclaim defendants Hill-Rom Services, Inc., Hill-Rom Company, Inc., and Hill-Rom Manufacturing, Inc. (collectively "Hill-Rom") submit this Statement of Position regarding the above-captioned matter, which was transferred to this Court from the U.S. District Court for the Western District of Wisconsin on August 16, 2011.[1]

---

[1] Another patent case between Hill-Rom and Stryker Corporation d/b/a Stryker Medical and Stryker Sales Corp. (collectively "Stryker") is also pending before this Court—Case No. 1:11-cv-0458-JMS-DKL.

## BACKGROUND

Hill-Rom and Stryker are competitors in the hospital bed and stretcher market. Both companies offer various products for sale in that market with a variety of features and options. Of particular relevance to the two cases pending before this Court are the following features:

- A motorized drive system that propels a bed/stretcher, making it easier for hospital personnel to move patients around the hospital (Case. No. 0458);

- An on-bed electronic network via which certain bed components (*e.g.*, sensors, controllers, motors) communicate with each other (Case. No. 01120); and

- An electronic system by which bed status data is communicated to, and displayed at, a remote location (Case. No. 01120).

On April 4, 2011, Hill-Rom filed Case No. 0458 in this Court alleging that certain Stryker beds equipped with the Zoom Motorized Drive System infringe ten Hill-Rom patents related to mobility technology (the "Mobility Case").[2] [*See, e.g.* IN Docket No. 1 at pg. 14.] Specifically, Hill-Rom alleged that, when equipped with Stryker's Zoom Motorized Drive System, the following Stryker beds and stretchers infringe Hill-Rom's Mobility Patents: InTouch®; S3™; Epic II®; and Prime™ Series Stretcher. [*Id.* at Counts I-X.] Hill-Rom further asserted two interference counts alleging that two of the Hill-Rom patents-in-suit (the '523 and '041 patents) claimed the same subject matter as two Stryker patents (U.S. Patent Nos. 6,772,850 and 6,752,224) and seeking a declaration that Hill-Rom was the first to invent of the subject

---

[2] The ten Hill-Rom patents-in-suit in the mobility case are U.S. Patent No. 6,993,799; U.S. Patent No. 7,644,458; U.S. Patent No. 6,588,523; U.S. Patent No. 6,902,019; U.S. Patent No. 7,011,172; U.S. Patent No. 7,284,626; U.S. Patent No. 7,090,041; U.S. Patent No. 7,273,115; U.S. Patent No. 7,407,024; and U.S. Patent No. 7,828,092 (collectively the "Mobility Patents").

matter of those patents. [*Id.* at Counts XI-XII.] Stryker answered by denying Hill-Rom's claims of infringement and interference, and asserted a variety of affirmative defenses common in patent litigation. In addition, Stryker filed a counterclaim for infringement of the '850 and '224 patents, as well as a counterclaim for infringement of Stryker's U.S. Patent No. 7,007,765 by Hill-Rom beds equipped with Hill-Rom's Intellidrive motorized drive system.

Also on April 4, 2011, Hill-Rom filed in the Western District of Wisconsin a Complaint alleging that certain Stryker beds infringed nine Hill-Rom patents related to electronic communication technology, including on-bed networks and transmission of bed status data to a remote location (the "Communication Case").[3] [WI Docket No. 1.] Specifically, Hill-Rom alleged that certain Stryker beds infringe Hill-Rom's Communication Patents, namely, InTouch®, Go Bed II®, and S3™, with and without particular features such as the Chaperone bed exit system, XPRT Therapy Mattress, PositionPro Patient Positioning Mattress, scale modules, iBed Awareness, and iBed Wireless. [*Id.* at Counts I-IX.] Stryker answered Hill-Rom's Complaint by denying Hill-Rom's claims, asserting a variety of affirmative defenses common in patent litigation, and filing counterclaims of non-infringement and invalidity as to the Communication patents. [WI Docket No. 29.]

Hill-Rom filed the Communication Case in Wisconsin for two primary reasons. First, Wisconsin's very quick docket was important in view of the impending expiration of three of the Communication Patents and Stryker's recent surge in remote bed status display products and

---

[3] The nine patents-in-suit in the communication case are U.S. Patent No. 5,771,511; U.S. Patent No. 7,237,287; U.S. Patent No. 7,568,246; U.S. Patent No. 7,506,390; U.S. Patent No. 7,520,006; U.S. Patent No. 7,669,263; U.S. Patent No. 5,699,038; U.S. Patent No. 6,147,592; and U.S. Patent No. 7,538,659 (collectively the "Communication Patents").

marketing. Second, the Communication Case involves entirely distinct technology than that of the Mobility Case. The Communication Patents pertain to the beds' electronic communication functionality, while the Mobility Patents pertain to use of a motorized propulsion system. Because of the limited overlap between these cases in terms of the parties and accused products, the parties have worked to coordinate discovery of the two cases, including agreeing to a single document production and a single protective order for both cases.

In both the Mobility and Communication Cases, the parties are working under scheduling orders already in place. In Wisconsin, the parties stipulated to a schedule entered by the Court on June 16, 2011. [WI Docket No. 39.] That schedule provided for a *Markman* hearing in January, 2012 and trial in October, 2012. [*Id.*] Six weeks after adopting the parties' agreed schedule, Judge Crabb changed her practice with respect to *Markman* hearings, electing to construe claims as part of the summary judgment process instead of undertaking separate *Markman* proceedings. [WI Docket No. 49.] Accordingly, the Court vacated the pre-existing *Markman* dates, but left the remainder of the case schedule (including infringement and invalidity contentions, fact and expert discovery, and trial) essentially intact. [*Id.*] In the Mobility Case, this Court entered a Case Management Plan on July 28, 2011. [IN Docket No. 56.] The schedule in the Mobility Case generally called for later deadlines that those provided for in the Communication Case schedule, including scheduling a *Markman* hearing on approximately May 15, 2012. [*Id.*] To date, both cases have proceeded under their respective schedules.

On August 15, 2011, the Western District of Wisconsin transferred the Communication Case to this Court, finding that the interests of justice and judicial economy were best served by permitting these cases to proceed in Hill-Rom's home forum, particularly in light of "the

possibility of coordinating discovery in the two cases if they are both tried in one district." [Docket No. 51 at pg. 13.][4]  Since that time, the parties have continued to operate under the existing schedules.  Discovery has proceeded in both cases, with the parties serving initial disclosures, discovery requests and responses, and 30(b)(6) deposition notices.  The parties will commence production by next week and have submitted a proposed protective order to this Court for use in both cases.

## CURRENT DISCUSSIONS BETWEEN THE PARTIES

The parties are currently discussing the appropriate approach to coordination of the Mobility and Communication Cases, including whether consolidation makes sense.  At this point, Hill-Rom's position is that the cases should not be consolidated.  At 9 and 13 patents, respectively, each of the two cases constitutes a large patent case; together the case would be extremely large.  Moreover, the cases involve entirely distinct technological area—electronic communication networks, on the one hand, and powered propulsion of a bed or stretcher on the other.  Indeed, Stryker acknowledges that a consolidated case would be unwieldy, as it proposes two separate trials for the two different groups of patents.  Hill-Rom will continue to work with Stryker to *coordinate* these cases in a sensible way that makes the best use of this Court's judicial resources, but whether that effort requires *consolidating* the two cases is doubtful.

Hill-Rom believes that the question of consolidation is secondary to the question of how best to manage the case schedule at this juncture.  Hill-Rom is currently evaluating a

---

[4] As noted above, the parties have already undertaken a number of steps to eliminate the need for duplicative discovery by their own volition, and have evinced a mutual goal of minimizing the burden and expense of completing discovery in these cases.  In light of these efforts, it is difficult to discern what additional benefits, if any, would be achieved if this Court ordered consolidation of this case for pre-trial discovery or, more unlikely, for trial.

consolidated case schedule proposed by Stryker, as referenced above, which generally maintains the current Mobility Case schedule, but extending most deadlines by 3-4 months. There is, of course, no real reason that the parties could not proceed in both cases with the schedule currently in place for the Mobility Case. That schedule already provides the parties with substantial extra time above and beyond that contemplated by the schedule in the Communication Case, on which the parties had already agreed.

Nonetheless, in the interest of continuing the spirit of compromise and collegiality that has already informed the parties' interactions to date, Hill-Rom is amenable to providing additional time for the parties to complete discovery, pre-trial motion practice, and trial as Stryker has proposed. But any extensions to the schedule must provide the parties with equal treatment, while Stryker's current proposal seemingly leaves many of Hill-Rom's deadlines as is while providing Stryker with additional time. Hill-Rom continues to evaluate this proposal and anticipates circulating its own counter-proposal regarding the schedule to Stryker in the near term. Hill-Rom believes that the parties should be able to reach an amicable resolution of this issue (or at least substantially narrow the issues), which they can provide for this Court's approval, or for a ruling on any remaining disagreements.

## HILL-ROM'S POSITION ON ACTION TO BE TAKEN BY THE COURT

In light of the foregoing, Hill-Rom proposes that this Court set a deadline of September 21, 2011 for the filing of either: (1) an opposed Motion to Consolidate by Stryker; or (2) an agreed Motion to Consolidate and either an agreed or disputed proposed Case Management Plan for these cases. If the parties elect to file an agreed motion to consolidate but cannot agree on a Case Management Plan, Hill-Rom proposes that the Court set a further Case

Management Conference during the period September 26-29, 2011 to fully resolve any remaining disputes.

Dated:  September 9, 2011                                        Respectfully submitted,

*s/ Andrew W. Hull*
Andrew W. Hull
HOOVER HULL LLP
111 Monument Circle, Suite 4400
Indianapolis, IN  46244
Telephone: (317) 822-4400
Facsimile:  (317) 822-0234
Email:       awhull@hooverhull.com

*Attorneys for Hill-Rom, Services, Inc., Hill-Rom Company, Inc., and Hill-Rom Manufacturing, Inc.*

David K. Callahan, P.C.
Mary E. Zaug
Alicia L. Frostick
Adam R. Brausa
P. Daniel Bond
Rachel N. Farrington
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
*Of Counsel*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was duly served on September 9, 2011, via electronic mail on the following counsel of record:

Philip A. Whistler
Nikita S. Williams
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282
Phone: (317) 236-2100
Fax: (317) 236-2219

Chris Lind (*pro hac vice*)
Steven E. Derringer (*pro hac vice*)
J. Scott McBride (*pro hac vice*)
Matthew R. Ford (*pro hac vice*)
Benjamin Whiting (*pro hac vice*)
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street
Suite 300
Chicago, IL 60654
Phone: (312) 494-4400

*s/ Andrew W. Hull*