IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HILL-ROM SERVICES, INC., HILL-ROM COMPANY, INC., and HILL-ROM MANUFACTURING, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> STRYKER CORPORATION d/b/a STRYKER MEDICAL, and STRYKER SALES CORPORATION, <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 1:11-CV-01120-JMS-DKL <br><br> Hon. Jane Magnus-Stinson <br><br> Hon. Magistrate Judge Denise K. LaRue |

## ORDER

AND NOW, this 9th day of May, 2013, the Court having considered Plaintiffs Hill Rom Services, Inc., Hill-Rom Company, Inc., and Hill-Rom Manufacturing, Inc. (collectively, "Hill-Rom") and Defendants Stryker Corporation d/b/a Stryker Medical and Stryker Sales Corporation ("Stryker") Joint Motion to Sever Claims Relating to the Network Patents and To Dismiss Without Prejudice Certain Infringement Claims and Counterclaims. [Dkt. 162.]

IT IS HEREBY ORDERED that the Motion, [dkt. 162], is GRANTED.

It is ORDERED that all claims relating to Hill-Rom's allegations of infringement (literal and under the doctrine of equivalents) by the transmission of information from a Stryker bed over a serial port connection of U.S. Patent Nos. 5,699,038, 6,147,592, and 7,538,659 ("the Data Transfer Patents"), and all claims (literal and under the doctrine of equivalents) relating to Hill-Rom's allegations of infringement of claim 1 of the '659 patent by hospital beds equipped with

*i*Bed Awareness Enhanced, be and hereby are dismissed without prejudice. Hill-Rom may re-assert these allegations in this Court only in the event that the Federal Circuit remands this case back to this Court based on claim constructions, in whole or in part, and Hill-Rom pursues its claims of infringement of the Data Transfer Patents against any of the remaining Stryker products accused of infringing those patents.

It is further ORDERED that all counterclaims relating to Hill-Rom's allegations of infringement by Stryker of the Data Transfer Patents by the transmission of information from a Stryker bed over a serial port connection, and all counterclaims relating to Hill-Rom's allegations of infringement of claim 1 of the '659 patent by hospital beds equipped with *i*Bed Awareness Enhanced, be and hereby are dismissed without prejudice.

It is further ORDERED that all claims and counterclaims relating to U.S. Patent Nos. 5,771,511, 7,237,287, 7,568,246, 7,506,390, 7,520,006, and 7,669,263 (the "Network Patents") be and hereby are severed, and the Clerk of the Court is directed to assign a new case number to the severed portion, assign that cause number to the assigned district judge and magistrate judge assigned to this action, and docket a copy of this Order as the first entry. The Clerk is further directed to subsequently docket the following entries in the new cause number: docket 1 (Hill-Rom Complaint); docket 50 (Stryker Answer); and docket 146 (Order Granting Motion to Stay). All Orders previously entered in this matter relating to the Network Patents, including but not limited to the Order Granting Motion for Partial Stay (Dkt. 146), remain in effect.

05/09/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution to: All counsel of record via an automatic e-mail message generated by the CM/ECF system.