IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| HILL-ROM SERVICES, INC., HILL-ROM COMPANY, INC., and HILL-ROM MANUFACTURING, INC., | ) ) ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) ) Case No. 1:11-CV-01120-JMS-DKL |
| v. | ) Hon. Jane Magnus-Stinson ) |
| STRYKER CORPORATION d/b/a STRYKER MEDICAL, and STRYKER SALES CORPORATION, | ) Hon. Magistrate Judge Denise K. LaRue ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) ) |

## JUDGMENT

Based on the Plaintiffs' Unopposed Motion for Summary Judgment of Non-Infringement of Asserted Claims of U.S. Patent Nos. 5,699,038, 6,147,592, and 7,538,659, and Joint Stipulation of Dismissal Without Prejudice of All Related Counterclaims, and for good cause shown, the Court hereby ORDERS as follows:

1.  In this patent infringement action, Plaintiffs Hill Rom Services, Inc., Hill-Rom Company, Inc., and Hill-Rom Manufacturing, Inc. (collectively, "Hill-Rom") have asserted claims 13, 20, and 26 of U.S. Patent No. 5,699,038 ("the '038 patent"); claims 16 and 17 of U.S. Patent No. 6,147,592 ("the '592 patent"); and claims 1 and 13 of U.S. Patent No. 7,538,659 ("the '659 patent") (collectively, "the Asserted Claims") (collectively, "the Data Transfer Patents") against Defendants Stryker Corporation d/b/a Stryker Medical and Stryker Sales Corporation ("Stryker").

2.  Additionally, Hill-Rom asserted infringement of various claims of U.S. Patent

1

Nos. 5,771,511; 7,237,287; 7,568,246; 7,506,390; 7,520,006; and 7,669,263 (collectively, "the Network Patents"). On May 9, 2013, the Court granted the Parties' Joint Motion to Sever all claims and counterclaims relating to the Network Patents into a separate case, Case No. 1:13-cv-0765-JMS-DKL.

3. Hill-Rom asserts that three categories of Stryker products infringe the Data Transfer Patents: 1) hospital beds equipped with *i*Bed Wireless ("*i*Bed Wireless products"), 2) hospital beds equipped with *i*Bed Awareness Enhanced ("*i*Bed Awareness products"), and 3) hospital beds equipped with a serial port data connection for communicating information from the bed to a remote location ("iBed Serial products").

4. On October 31, 2012, the Court conducted a *Markman* hearing with respect to the Asserted Claims of the Data Transfer Patents, and on January 30, 2013, the Court issued its Order (D.I. 147) construing the disputed claim terms of the patents at issue ("the *Markman* Order").

5. Through this ruling, the Court has ordered that the following claim terms have the meaning indicated, with each term having the same meaning for each of the Data Transfer Patents:

| Disputed Term | Asserted Claim(s) | Court's Construction |
|---|---|---|
| "datalink" | '038 Patent: 13, 20, 26<br>'592 Patent: 16, 17<br>'659 Patent: 1, 13 | A cable connected to the bed that carries data |
| "interface board including a processor" | '038 Patent: 13, 20, 26 | A board that processes an input signal to create bed condition messages and sends those messages to a remote location via the wall interface unit. It can also receive messages through the wall interface unit. |
| "message" | '038 Patent: 13, 20, 26 | A plurality of data fields of |

2

|  | '592 Patent: 16, 17<br>'659 Patent: 13 | appropriate length assembled into a defined structure. A message is distinct from an input signal. |
|---|---|---|
| "bed condition message" | '038 Patent: 13, 20, 26 | A message not generated in response to any user request that contains the status of all conditions the bed is capable of monitoring. |
| "message validation information" | '592 Patent: 17 | A data field within a message that is used to verify that the message was received exactly the same as it was sent. |

6. On May 9, 2013, the Court granted the Parties' Joint Motion to dismiss without prejudice Plaintiffs' infringement allegations relating to (a) Defendants' *i*Bed Serial products; and (b) Defendants' *i*Bed Awareness products accused of infringing claim 1 of the '659 patent.

7. The parties have stipulated that, based on this Court's claim constructions, summary judgment of non-infringement of (a) claims 13, 20 and 26 of the '038 patent, claims 16 and 17 of the '592 patent, and claims 1 and 13 of the '659 patent with respect to the *i*Bed Wireless products, and (b) claims 13, 20 and 26 of the '038 patent, claims 16 and 17 of the '592 patent, and claim 13 of the '659 patent with respect to the *i*Bed Awareness products should be entered in favor of Stryker on the grounds that these accused devices do not include at least one element for each of the claims as shown below.

I. **Non-Infringement of *i*Bed Wireless Products**

8. The *i*Bed Wireless products employ a wireless datalink, not a (wired) cable that carries data. Therefore, the *i*Bed Wireless products do not contain the claimed "datalink" as that limitation has been construed by this Court. All Asserted Claims recite the "datalink" limitation, so this Court's construction renders the *i*Bed Wireless products non-infringing (literally and

3

under the doctrine of equivalents) for all Asserted Claims.

9. The *i*Bed Wireless products do not include a board that sends bed condition messages to a remote location via a wall interface unit. Additionally, the *i*Bed Wireless products do not include a board that receives messages through a wall interface unit. Therefore, the *i*Bed Wireless products do not contain the claimed "interface board including a processor," as that limitation has been construed by this Court. Claims 13, 20, and 26 of the '038 patent recite the "interface board including a processor" limitation, so this Court's construction renders the *i*Bed Wireless products non-infringing (literally and under the doctrine of equivalents) for these claims.

10. The *i*Bed Wireless products do not include a data field within a message that is used to verify that the message was received exactly the same as it was sent. Therefore, the *i*Bed Wireless products do not contain the claimed "message validation information," as that limitation has been construed by this Court. Claim 17 of the '592 patent recites the "message validation information" limitation, so this Court's construction renders the *i*Bed Wireless products non-infringing (literally and under the doctrine of equivalents) for this claim.

11. The *i*Bed Wireless products do not include a message that is not generated in response to any user request and that contains the status of all conditions the bed is capable of monitoring. Therefore, the *i*Bed Wireless products do not contain the claimed "bed condition message," as that limitation has been construed by the Court. Claims 13, 20, and 26 of the '038 patent recite the "bed condition message" limitation, so this Court's construction renders the *i*Bed Wireless products non-infringing (literally and under the doctrine of equivalents) for these claims.

## II. Non-Infringement of *i*Bed Awareness Products

12. The *i*Bed Awareness products do not send a plurality of data fields that are

assembled into a defined structure. Therefore, the *i*Bed Awareness products do not contain the claimed "message," as that limitation has been construed by this Court. Claims 13, 20, and 26 of the '038 patent, claims 16 and 17 of the '592 patent, and claim 13 of the '659 patent recite the "message" limitation, so this Court's construction renders the *i*Bed Awareness products non-infringing (literally and under the doctrine of equivalents) for claims 13, 20, and 26 of the '038 patent, claims 16 and 17 of the '592 patent, and claim 13 of the '659 patent.

13. The *i*Bed Awareness products do not include a board that sends bed condition messages to a remote location via a wall interface unit. Additionally, the *i*Bed Awareness products do not include a board that receives messages through a wall interface unit. Therefore, the *i*Bed Awareness products do not contain the claimed "interface board including a processor," as that limitation has been construed by this Court. Claims 13, 20, and 26 of the '038 patent recite the "interface board including a processor" limitation, so this Court's construction renders the *i*Bed Awareness products non-infringing (literally and under the doctrine of equivalents) for these claims.

14. The *i*Bed Awareness products do not include a data field within a message that is used to verify that the message was received exactly the same as it was sent. Therefore, the *i*Bed Awareness products do not contain the claimed "message validation information," as that limitation has been construed by this Court. Claim 17 of the '592 patent recites the "message validation information" limitation, so this Court's construction renders the *i*Bed Awareness products non-infringing (literally and under the doctrine of equivalents) for this claim.

15. The *i*Bed Awareness products do not include a message that is not generated in response to any user request and that contains the status of all conditions the bed is capable of monitoring. Therefore, the *i*Bed Awareness products do not contain the claimed "bed condition

message," as that limitation has been construed by the Court. Claims 13, 20, and 26 of the '038 patent recite the "bed condition message" limitation, so this Court's construction renders the *i*Bed Awareness products non-infringing (literally and under the doctrine of equivalents) for these claims.

16. Accordingly, the Court GRANTS Stryker summary judgment on Hill-Rom's claims of infringement without prejudice to Plaintiffs' right to appeal.

17. Based on the parties' stipulations, Stryker's counterclaims are DISMISSED without prejudice.

18. Having disposed of all claims in this litigation, the Court now enters FINAL JUDGMENT. The Clerk is hereby directed to CLOSE this matter on the Court's docket.

19. For clarity, a chart depicting the disposition of the products and claims at issue in this litigation as a result of this Final Judgment (in conjunction with the parties' jointly filed motion to sever and dismiss certain claims) is attached at Exhibit A.

05/10/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution to: All counsel of record via an automatic e-mail message generated by the CM/ECF system.